Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON
DIVISION**

United States Courts
Southern District of Texas
FILED

*June 10, 2026*

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **(1) CHRISTOPHER BEARD**, <br><br> **(2) JOSHUA HAYWOOD**, <br><br> and <br><br> **(3) MALIK MOSES**, <br><br> Defendants. | Case No. **4:26-cr-358** |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT ONE
(*Conspiracy to Possess and Transfer Machineguns*)

Beginning on an unknown date, but no later than on or about March 1, 2025, and continuing thereafter until at least on or about May 31, 2026, said dates being approximate, in Harris County, in the Houston Division of the Southern District of Texas, and elsewhere, the defendants,

**CHRISTOPHER BEARD**,
**JOSHUA HAYWOOD**, and
**MALIK MOSES**,

and others known and unknown to the Grand Jury, knowingly and intentionally combined, conspired, confederated, and agreed with each other to possess and transfer machinegun conversion devices, knowing that the conversion devices were designed and intended solely and exclusively for use in converting a weapon into a machinegun, in violation of Title 18, United States Code, Section 922(o).

**Object of the Conspiracy**

The object of the conspiracy was to possess and transfer machinegun conversion devices that, when installed, convert semiautomatic firearms into fully automatic machineguns.

**Manner and Means**

It was part of the conspiracy that the defendants obtained switches from multiple sources, known and unknown for later resale. "Switches" and "Auto-Sears" are conversion devices, often made from metal or polymer and commonly manufactured using 3D printers, that can be installed in semiautomatic firearms in order to make the firearm fire more than one shot automatically, without manual reloading, by a single function of the trigger. Switches and Auto-Sears themselves are machineguns, as defined by Title 26, United States Code, Section 5845(b).

It was further part of the conspiracy that the defendants possessed and transferred the machinegun conversion devices, for installation and use with semiautomatic firearms.

**Overt Acts**

In furtherance of the conspiracy and to effectuate its illegal objects, the following overt acts, among others, were committed in the Southern District of Texas:

1.	On or about April 30, 2025, **CHRISTOPHER BEARD** possessed and transferred one machinegun conversion device.

2.	On or about May 8, 2025, **CHRISTOPHER BEARD** possessed and transferred three machinegun conversion devices.

3.	On or about May 14, 2025, **MALIK MOSES** possessed and transferred four machinegun conversion devices.

4.	On or about June 25, 2025, **JOSHUA HAYWOOD** possessed and transferred 10 machinegun conversion devices.

5.	On or about October 14, 2025, **CHRISTOPHER BEARD** possessed and transferred one machinegun conversion device.

8

6.    On or about October 21, 2025, **CHRISTOPHER BEARD** possessed and transferred three machinegun conversion devices.

7.    On or about April 01, 2026, **CHRISTOPHER BEARD** possessed and transferred two machinegun conversion devices.

All in violation of Title 18, United States Code, Section 371 (Conspiracy) to commit Title 18, United States Code, Section 922(o) (Possess and Transfer Machineguns).

### COUNT TWO
(*Possession and Transfer of a Machinegun*)

On or about April 30, 2025, in the Houston Division of the Southern District of Texas, the defendant,

**CHRISTOPHER BEARD**,

did knowingly possess and transfer a machinegun, to wit: one machinegun conversion device, knowing that it had the characteristics that made it a machinegun, as defined in 26 U.S.C. § 5845(b).

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

### COUNT THREE
(*Felon in Possession of a Firearm*)

On or about April 30, 2025, in the Houston Division of the Southern District of Texas, the defendant,

**CHRISTOPHER BEARD**,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, that is, an FMK, Model: 9C1, nine-millimeter pistol and a Smith and Wesson, Model: SD9VE, nine-millimeter pistol, and said firearms having been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

### COUNT FOUR
(*Possession and Transfer of a Machinegun*)

On or about May 8, 2025, in the Houston Division of the Southern District of Texas, the defendant,

**CHRISTOPHER BEARD**,

did knowingly possess and transfer a machinegun, to wit: three machinegun conversion devices, knowing that they had the characteristics that made them a machinegun, as defined in 26 U.S.C. § 5845(b).

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

## COUNT FIVE
### (*Possession and Transfer of a Machinegun*)

On or about May 14, 2025, in the Houston Division of the Southern District of Texas, the defendant,

**MALIK MOSES**,

did knowingly possess and transfer a machinegun, to wit: four machinegun conversion devices, knowing that they had the characteristics that made them a machinegun, as defined in 26 U.S.C. § 5845(b).

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

## COUNT SIX
### (*Possession and Transfer of a Machinegun*)

On or about June 25, 2025, in the Houston Division of the Southern District of Texas, the defendant,

**JOSHUA HAYWOOD**,

did knowingly possess and transfer a machinegun, to wit: 10 machinegun conversion devices, knowing that they had the characteristics that made them a machinegun, as defined in 26 U.S.C. § 5845(b).

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

10

## COUNT SEVEN
### *(Felon in Possession of a Firearm)*

On or about July 22, 2025, in the Houston Division of the Southern District of Texas, the

defendant,

**JOSHUA HAYWOOD**,

knowing he had previously been convicted of a crime punishable by imprisonment for a term

exceeding one year, knowingly possessed a firearm, that is, an AM-15, multi-caliber pistol, and said

firearm having been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT EIGHT
### *(Possession and Transfer of a Machinegun)*

On or about October 14, 2025, in the Houston Division of the Southern District of Texas, the

defendant,

**CHRISTOPHER BEARD**,

did knowingly possess and transfer a machinegun, to wit: a machinegun conversion device, knowing

that it had the characteristics that made it a machinegun, as defined in 26 U.S.C. § 5845(b).

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

## COUNT NINE
### (*Felon in Possession of a Firearm*)

On or about October 14, 2025, in the Houston Division of the Southern District of Texas, the

defendant,

**CHRISTOPHER BEARD**,

knowing he had previously been convicted of a crime punishable by imprisonment for a term

exceeding one year, knowingly possessed a firearm, that is, a Glock, Model: 23, .40-caliber pistol, and

said firearm having been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT TEN

(*Possession and Transfer of a Machinegun*)

On or about October 21, 2025, in the Houston Division of the Southern District of Texas, the defendant,

**CHRISTOPHER BEARD**,

did knowingly possess and transfer a machinegun, to wit: three machinegun conversion devices, knowing that they had the characteristics that made them a machinegun, as defined in 26 U.S.C. § 5845(b).

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

## COUNT ELEVEN
(*Possession and Transfer of a Machinegun*)

On or about April 1, 2026, in the Houston Division of the Southern District of Texas, the defendant,

**CHRISTOPHER BEARD**,

did knowingly possess and transfer a machinegun, to wit: two machinegun conversion devices, knowing that they had the characteristics that made them a machinegun, as defined in 26 U.S.C. § 5845(b).

In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

## COUNT TWELVE
(*Felon in Possession of a Firearm*)

On or about May 14, 2026, in the Houston Division of the Southern District of Texas, the defendant,

**CHRISTOPHER BEARD**,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, that is, a Glock, Model: 22, .40-caliber pistol, and a Glock Model: 21, .45-caliber pistol, and said firearms having been shipped and transported in interstate and foreign commerce.

12

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## NOTICE OF CRIMINAL FORFEITURE

1.      The allegations contained in Counts One through Twelve of this indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of offenses in violation of Title 18, United States Code, Sections 371, 922(o), or 922(g)(1), as set forth in this Indictment, the defendants,

**CHRISTOPHER BEARD**,
**JOSHUA HAYWOOD**, and
**MALIK MOSES**,

shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offenses alleged in the indictment.

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE

FOREPERSON OF THE GRAND JURY

JOHN G.E. MARCK
ACTING UNITED STATES ATTORNEY

ANDREW SAND
Assistant United States Attorney